[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff in this matter purchased a one-family house from the defendant on or about January 4, 2000 after having entered into a contract to buy the property located at 9 Bailey Drive, West Haven, Connecticut on December 21, 1999. Prior to entering into the agreement to buy and before taking title to the property, the plaintiffs personally inspected the property and also retained the services of an inspector who went over the property and furnished to plaintiffs with a written report as to his findings. (Defendant's Ex. 1) The report noted among other areas needing attention that the kitchen floor "had excessive bounce and squeaking." The inspector was unable to determine the cause as the basement access door was screwed shut (Defendant's Ex. 1, p. 6 "crawl space"). After moving in, the plaintiffs gained access to the crawl space under the kitchen floor and discovered that the kitchen floor was supported in part by a tree stump under a joist and a scissors jack. (Plaintiffs' Ex. 4 and 5). It was also discovered that the plywood kitchen floor was not nailed to the joists. The court notes that this is not usual construction practice and not in compliance with any building code.
Michael Doyle, the president of the defendant corporation who has been in the business of buying older properties and renovating the same for resale, testified that he bought this property in April 1999 and proceeded to attempt to make this property more saleable by miscellaneous changes which he said were mainly cosmetic and included new kitchen counters over the "squeaky floor" area as well as certain plumbing work in connection with changing the kitchen sink. According to John Arnone who testified for the plaintiffs and who furnished an estimate c)f the cost of repairs the defendant was said to have moved the kitchen from inside the original house to this former porch where he installed counters and a sink. The defendant testified that he did not attempt to CT Page 9560 contact the building department of the Town of West Haven as in his opinion no permits were necessary to do the work which he performed. The defendant in the "Rider to Sales Contract" represented that the promises were not in violation of any building codes. (Plaintiffs' Ex. 1, see "schedule").
There is no evidence before the court as to who night have blocked the access to the crawl space under the kitchen floor but it is clear that the plaintiffs and their inspector were denied access and had no opportunity to inspect this area which now forms the basis for the plaintiffs claim for damages in the amount of $29,930. (Plaintiffs' Exh. 3.) While the defendant seller expressly agreed to permit the buyers to physically inspect the premises (Plaintiffs' Exh. 1, "Real Estate Sales Agreement", p. 17) it effectively precluded the buyers inspection of the area which now after the passage of title constitutes the major portion of any of the claimed breaches of the sellers obligations as alleged in the complaint.
The plaintiffs cannot be held to have accepted conditions existing in the property when they were precluded from any opportunity to perform their own inspection as provided in the agreement to buy.
The court finds that the premises were not as represented to the plaintiffs by the defendant's president and accordingly enters judgment for the plaintiffs in the amount of $29,930 plus allowable costs.
____________________, J. George W. Ripley II Judge Trial Referee